THOMSON–HOUSTON ELECTRIC CO. v. MAHAR et al.

(Circuit Court, S. D. New York. July 6, 1898.)

PATENTS—ANTICIPATION—TROLLEY RAILWAYS.
    The Van Depoele patent, No. 495,443, for a traveling contact for electric railways, as to claims 2, 4, 6, 7, 8, 12, and 16, was anticipated by claims in patent No. 424,695, granted to the same inventor.

In Equity. Suit for infringement of patent. On final hearing.

Frideric H. Betts, F. P. Fish, and L. F. H. Betts, for complainant.
C. E. Mitchell and Wm. C. Witter, for defendants.

LACOMBE, Circuit Judge. This cause comes here under circumstances which foreclose the judgment of this court, and require but the briefest statement of conclusions. The suit is for infringement of letters patent to Charles J. Van Depoele, No. 495,443. The claims alleged to be infringed are Nos. 2, 4, 6, 7, 8, 12, and 16. Upon application for preliminary injunction, this court held that claims 6, 7, 8, 12, and 16 were valid and infringed; but upon appeal the circuit court of appeals reversed that decision, holding that said claims were all anticipated by claims in an earlier patent to the same inventor (No. 424,695). Thomson-Houston Electric Co. v. Hoosick R. Co., 27 C. C. A. 419, 82 Fed. 461. Thereupon complainant, having amended by inserting proper allegations as to claims 2 and 4 (not in the original bill), applied again for a preliminary injunction, upon the ground that claims 2 and 4 did not, in terms, contain the element of

a "spring" or "weight," and therefore were not within the cited claims of the earlier patent, all of which contained such spring or weight as an essential element. Being satisfied that the device of claims 2 and 4 would operate without the spring or weight, this court concluded that the principle laid down in Dearing v. Harvester Works, 155 U. S. 286, 15 Sup. Ct. 118, 39 L. Ed. 153, applied, and granted injunction. Upon appeal, however, the circuit court of appeals held that, although not expressed therein, the spring or weight of the earlier patent must be read into these claims, to make them operative. Thomson-Houston Electric Co. v. Union R. Co., 30 C. C. A. 313, 86 Fed. 636. Of course, as soon as that element is read into them they, are practically the same as the other claims already found to be anticipated by the earlier patent. It is apparent that the decisions of the court of appeals are not of a character to be eliminated by further proof. Upon the entire body of the evidence this court is satisfied, as it was before, that the inventions covered by the claims in suit were most meritorious; that Van Depoele was the original and first inventor; that there was nothing in the art that anticipated, or that deprived his invention of patentable novelty, unless it be in his own earlier patent; that defendants' devices infringe; that, as to the subcombination of claims 2 and 4, the surmise of this court on preliminary injunction that it would operate without the spring or weight is shown to be correct. Nevertheless this court must conform to the expressed opinion of the circuit court of appeals, and hold all the claims relied on to be void, because anticipated by claims in Van Depoele's earlier patent. The views heretofore expressed as to the effect of disclaimer of claim 9, and as to failure to enter disclaimer as to claims 6, 7, 8, 12, and 16, are unchanged.

The bill should be dismissed, for reasons stated.